IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JULIE SCHINDLER,

     Plaintiff,

v.                                      CASE NO. 4:08cv240-RH/WCS

MADISON COUNTY HOSPITAL
HEALTH SYSTEMS, INC., etc.,

     Defendant.

_____/

## ORDER OF REMAND

     The plaintiff filed her complaint in state court alleging employment-discrimination claims under federal and state law. The defendant moved to dismiss all of the claims for failure to exhaust administrative remedies. Following a response by the plaintiff, the defendant withdrew its motion to dismiss the state claims, and the plaintiff consented to the dismissal of the federal claims. This outcome reflected the parties' agreement that, in fact, the plaintiff failed to exhaust her federal administrative remedies and thus cannot recover under federal law, but the plaintiff properly exhausted her state administrative remedies and thus *can*

pursue her claims under state law.

I entered an order directing the clerk to enter judgment under Federal Rule of Civil Procedure 54(b) dismissing the federal claims. The clerk entered judgment as directed. That left pending only state-law claims between nondiverse parties.

Because the case had been pending in this court for less than a month and now involved no claim over which this court would have had original jurisdiction, I noted that it might be appropriate to remand the case to state court. *See* 28 U.S.C. § 1367. I directed any party who asserted the case should not be remanded to state court to file a memorandum on jurisdiction by July 7, 2008.

The defendant has filed a memorandum correctly noting that I have discretion to remand the action or to retain it. The defendant says the parties already have begun actively litigating the case in this court by conducting the attorney conference and submitting the scheduling report required by Federal Rule of Civil Procedure 26(f) and by commencing discovery. But the discovery will be equally useful in state or federal court; remand will cause no waste of discovery resources. And conferring on scheduling will be at least somewhat beneficial in state court; if remand will cause any waste in this respect, it will surely be small. At bottom, this is now a state-law dispute between Florida parties. But for the

joinder of a plainly unfounded federal claim that went out early in the case, this case could not have found its way into federal court at all.  This is the paradigm of a case that, upon dismissal of the only claims within original federal jurisdiction, is properly remanded.

Accordingly,

IT IS ORDERED:

This case is remanded to the state court from which it was removed.  The clerk must take all steps necessary to effect the remand.

SO ORDERED on July 13, 2008.

s/Robert L. Hinkle  
Chief United States District Judge
